**JacksonLewis**

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville NY 11747
(631) 247-0404 Main
(631) 247-0417 Fax
[jacksonlewis.com](jacksonlewis.com)

MY DIRECT DIAL IS: 631-247-4661
MY EMAIL ADDRESS IS: NOEL.TRIPP@JACKSONLEWIS.COM

April 8, 2022

**VIA ECF**

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
United States District Court
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

                Re:    *Wilber Campos v. Christopher Robin, Inc.*
                         Civil Case No.:  21-cv-05460

Dear Judge Azrack:

      We represent Defendants Christopher Robin, Inc. and Christopher Morisco in the above-referenced Fair Labor Standards Act ("FLSA") matter. We write, jointly with Plaintiff's counsel (collectively the "Parties") to respectfully request that Your Honor approve the Parties' proposed Settlement Agreement submitted as Exhibit A and dismiss this case with prejudice pursuant to the parties' Stipulation (attached as Exhibit B). Defendants take no position with respect to Section II (attorneys' fees) herein, except state that all Parties believe the settlement is a fair and reasonable resolution of the disputed issues under the supervision doctrine. *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) *citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).

                **I.**        **Background and Procedural History.**

      Defendants employed Plaintiff as a landscaper for a little over one year, from April 1, 2020 until on or about May 7, 2021. Plaintiff commenced the instant action in the United States District Court Eastern District of New York, on October 1, 2021, alleging violations of the overtime provisions of the FLSA and New York Labor Law ("NYLL"), as well as technical violations under Section 195(1) and 195(3) of the NYLL against Defendants.[1] *See* Dkt. 1. The Parties immediately began discussing settlement and presented *bona fide* disputes regarding Plaintiff's hours worked and whether Plaintiff received all premium overtime due him. Defendants also provided a compliant NYLL 195(1) notice, and notified Plaintiff's counsel that Plaintiff was party to an agreement to arbitrate the instant dispute.

---

[1] As this court recently observed, the supervision requirement does not apply to resolution of New York Labor Law claims, which may be waived by private agreement. *Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020) (Azrack, J).

Ultimately the Parties reached agreement on a total settlement of $13,000 which reflects a compromise on the disputed issues. For context, Defendants calculated Plaintiff's potential overtime recovery – inclusive of liquidated damages – at approximately $6500. The enclosed Agreement (Exhibit A) is modeled after the agreement Your Honor approved in a prior case litigated by Plaintiff's counsel here, *Elmer Diaz v. Hand in Hand Family Services, Ltd. and Israel Benedek*, 2:20-cv-05298 (JMA)(AYS). The Parties respectfully request that Your Honor approve this FLSA settlement, and dismiss this action.

Considering the value of Plaintiff's FLSA overtime claim, the requirement that he arbitrate same, and the comparative expense of litigation, Plaintiff's counsel believes that this settlement is a good result for Plaintiff, and it should be approved as fair. Plaintiff's counsel also believes the settlement is fair and reasonable in light of the uncertainties associated with establishing Plaintiff's precise amount of overtime hours. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Defendants' defenses also would have substantially limited recovery, even if Plaintiff were to ultimately prevail, with all the corresponding risks and delay.

This settlement thus constitutes a classic compromise of contested issues, reached based on arm's length negotiations between experienced FLSA counsel. The terms of the FLSA Settlement Agreement are in accordance with *Cheeks*.

## II.     Attorneys' Fees Are Fair and Reasonable.

The Agreement calls for attorneys' fees and costs in the amount of $ 4,711.33, which equals Plaintiff's counsel's actual costs plus a one-third attorneys' fee. The costs were $567.00 ($402.00 for filing fee and $165.00 for service of process). Fees of one-third of the settlement are routinely approved in FLSA actions, and the parties agree that such fees and costs are fair and reasonable. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Santos v. EL Tepeyac Butcher Shop Inc.*, 15-CV-814, 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015). This one-third contingency - agreed upon by Plaintiff in his retainer agreements and less than Plaintiff's Counsel's lodestar, as discussed below - is regularly approved in this circuit in FLSA cases. *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017)("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").

The attorney's fee represents one-third (33.3%) of the total settlement amount after deducting for expenses and is reasonable. Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, hours worked and compensation, commenced this action, prepared an assessment of damages, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts

with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf.

### III.     Conclusion.

For the reasons above, the Parties respectfully ask the Court to approve their Negotiated Settlement Agreement as fair and reasonable under the circumstances of this case. The Parties also respectfully request that the executed Stipulation And Order of Dismissal With Prejudice, attached as Exhibit B, be "So Ordered" by the Court and that the Clerk be directed to close this case. In the event the Court has any questions regarding the Parties' agreement or if the Court requires any additional information regarding the settlement, counsel for the Parties will make themselves available for a telephone or in-person conference.

We thank the Court for its time and attention to this application.

Respectfully submitted,

JACKSON LEWIS P.C.

| | |
|---|---|
| LAW OFFICE OF PETER A. ROMERO PLLC | JACKSON LEWIS P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 490 Wheeler Road, Ste. 250 | 58 South Service Road, Ste. 250 |
| Hauppauge, New York  11788 | Melville, New York  11747 |
| By:__s/_____ | By:__s/_____ |
| Peter A. Romero, Esq. | Noel P. Tripp, Esq. |
| Matthew J. Farnworth, Esq. | |
| Dated: 4/8/2022 | Dated: 4/8/2022 |

NPT:dc

cc: All Counsel of Record (*via ECF*)

4888-2936-6536, v. 2

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") is made by and between, Wilber Campos, on his own behalf and on behalf of his respective heirs, executors, administrators, successors and assigns ("Plaintiff"), and Christopher Robin, Inc. ("Christopher Robin") and Christopher Morisco, on the other hand (together, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

## RECITALS

**WHEREAS**, on or about October 1, 2021 Plaintiff commenced an action in the United States District Court, Eastern District of New York against Defendants, captioned *Wilber Campos v. Christopher Robin, Inc. et al.*, 2:21-cv-05460 (JMA)(AYS) (the "Civil Action");

**WHEREAS**, the Parties desire to fully and finally resolve and settle in full all claims that the Plaintiff has against Defendants, or may have against Defendants, arising under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), any other statute or ordinance governing the payment of wages or other financial remuneration that might be due to the Plaintiff due to his employment by Christopher Robin by way of this Agreement;

**WHEREAS**, Plaintiff's counsel of record in the Civil Action and Defendants' counsel of record in the Civil Action have negotiated extensively and in good faith to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the *bona fide* dispute between the Parties;

**WHEREAS**, the Parties understand and agree that Defendants, and any and all present and former affiliated entities, predecessor entities, successor entities, controlled entities, related business entities and their respective present and former officers, partners, directors, principals, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every allegation of wrongdoing and liability;

**WHEREAS**, the Parties understand and agree that neither the making of this negotiated Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff.

**WHEREAS**, it is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other;

**WHEREAS**, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein and the full payment due from Defendants as provided for herein;

**WHEREAS**, the Court has made no findings as to the merits of the claims and allegations in the Complaint filed in the Civil Action; and

**WHEREAS**, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

**NOW THEREFORE**, in consideration of the mutual promises and covenants set forth in this Agreement, as well as the good and valuable consideration provided for herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **No Admission of Liability.** The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff, or to anyone else as a result of or arising out of the claims, Plaintiff's employment relationship with the Defendants, or Plaintiff's separation from employment with the Defendants, and/or otherwise.

2. **Consideration.** In full satisfaction of all of the claims alleged by the Plaintiff and in consideration of the Plaintiff's execution and compliance with this Agreement, Christopher Robin agrees to pay, and the Plaintiff agrees to accept, THIRTEEN THOUSAND DOLLARS (the "Settlement Payment"), which shall be paid in one lump sum by checks delivered to Plaintiff's counsel, Law Office of Peter A. Romero PLLC, 825 Veterans Highway, Hauppauge, NY 11788, as follows:

    (a) Within seven (7) business days of the Court's approval of this Agreement and signing of the Stipulation of dismissal with prejudice attached as Exhibit A (and only if and after those events occur), Christopher Robin shall pay a sum of Thirteen Thousand Dollars ($13,000):

    (i) One check payable to "Wilber Campos" in the amount of Eight Thousand Two Hundred Eighty-Eight Dollars and Sixty-Seven Cents ($8,288.67), from which no deductions or withholdings will be made by Defendants, and for which Defendants will issue a Form 1099-MISC to Plaintiff for "noncompensation" or "other" income; and

    (ii) One check payable to "The Law Office of Peter A. Romero PLLC" in the amount of Four Thousand Seven Hundred Eleven Dollars and Thirty-Three Cents ($4,711.33) for attorneys' fees and costs, for which Defendants will issue a Form 1099 to the Law Office of Peter A. Romero PLLC.

    (b) Plaintiff's counsel shall provide, prior to the issuance of the Settlement Payment:

    (i) An executed Agreement by Plaintiff;

(ii)   IRS W-9 forms executed by Plaintiff and Plaintiff's counsel for the settlement proceeds being released to Plaintiff's counsel.

3.   **Tax Liability Hold Harmless.** With respect to payments received pursuant to this Agreement, Plaintiff assumes full responsibility of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state, or local law of any kind. As such, although the Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement are proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any individual or entity and/or the Defendants are liable for any failure by Plaintiff to pay federal, state or local income or employment or payroll taxes with respect to any payment received pursuant to this settlement, Plaintiff agrees to hold Defendants harmless, and indemnify the Defendants from any payments the Defendants may be required to make (including any payments for interest and penalties) to any taxing authority resulting from the issuance of an IRS tax form 1099 and/or Plaintiff's failure to pay any taxes that any such individual or entity owes related to said income.

4.   **Stipulation of Dismissal with Prejudice/Court Approval**: Simultaneously with the execution of this Agreement, the Parties shall also sign a Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit A. The parties shall promptly seek joint approval of this Agreement pursuant to the FLSA..

5.   **Agreement Invalid if Failure to Pay.** This Agreement will, at the Plaintiff's option, be null and void if the Defendants fail to make the Settlement Payment in accordance with Section 2.

6.   **General Releases by the Parties.**

**(A)   Releases by the Plaintiff.** In consideration for the promises and actions of the Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, the Plaintiff hereby releases and forever discharges Defendants as well as their current and former owners, board of directors, executives, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by the Plaintiff to be "employers," both individually and in their official capacities, as well as Defendants' parent companies, affiliates, predecessors, successors, subsidiaries, and other companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims asserted in the Civil Action as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of retaliation, unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, and/or statutory penalties), or civil penalties purportedly owed to the Plaintiff under the FLSA, NYLL or any other law, regulation, or ordinance

regulating the payment of wages, which the Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action. To the extent that any such claims against Defendants might be encompassed within or by a pending or future class action, representative action, or collective action, Plaintiff will affirmatively "opt out" of or otherwise not elect to participate in that action and will not directly or indirectly seek nor accept any recovery therein. Plaintiff represents that he is not presently aware of any facts which would give rise to any claims against Defendants apart from those already asserted in the Civil Action.

**(B)** **Releases by the Defendants.** The Defendants release the Plaintiff, including the Plaintiff's heirs, executors, administrators, representatives, and assigns, from any and all claims, accounts, actions, causes of action, debts, dues, controversies, variances, judgments, executions, demands, or other liability whatsoever of any kind or nature that the Defendants once had, have, or now may have arising out of the Plaintiff's employment with the Defendants or otherwise, whether such claims are now known or unknown to the Defendants, from the beginning of the world to the date that the Defendants signs this Agreement.

7. **Plaintiff's Acknowledgements.** Plaintiff acknowledges that with the execution and performance of this Agreement, including the Defendants' performance of the terms set forth in Section 2 above and the Plaintiff's Receipt of the Settlement Payment, and except for amounts due in connection with or as described in this Agreement, the Plaintiff has been paid in full for all benefits due and hours worked in each and every week of his employment at Christopher Robin and that the Defendants have paid to the Plaintiff all of his earned wages (including minimum and overtime wages in any and every workweek of his employment), commissions, bonuses, incentives, gratuities, accrued vacation pay and other time-off pay, and any other forms of compensation, and that the Defendants owe the Plaintiff no other wages, commissions, bonuses, gratuities, vacation pay, Plaintiff benefits, or other compensation or payments of any kind or nature, other than as provided in this Agreement. The Plaintiff further acknowledges that there are no claims pending before any court or administrative agencies, including but not limited to, the New York State Department of Labor or the United States Department of Labor, for the alleged violations covered by this Agreement. To the extent that such claims are pending in court or before an administrative agency, the Plaintiff agrees to withdraw or discontinue such claims. Plaintiff also agrees not to join any collective or class action against Christopher Robin.

8. **Agreement Non-Admissible.** This Agreement shall not be admissible in any action or proceeding, or before any governmental or judicial body, except as may be necessary to enforce the terms of the Agreement or as may be required by law.

9. **Severability.** In the event that any portion of this Agreement is determined to be invalid or unenforceable for any reason, the remaining provisions of this Agreement shall remain in full force and effect, and such invalid or unenforceable provision shall automatically be deemed rewritten to the extent necessary to eliminate such invalidity or unenforceability to the maximum extent compatible with applicable law. In the event that Paragraph 6 is determined to be invalid, void or unenforceable, Plaintiff agrees to sign a new stipulation releasing the Defendants, including its successors, affiliated entities, controlled entities, related business entities, representatives, assigns, heirs, executors, insurers, agents, officers, and directors from any and all Claims that

Releasors may have ever had, or may have, against the Defendants, including its successors, affiliated entities, controlled entities, related business entities, representatives, assigns, heirs, executors, insurers, agents, officers, and directors, by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of the world up to, and including, the date of the execution of this Agreement.

10. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to its choice or conflict of laws considerations, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. The Plaintiff has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

11. **Attorneys' Fees and Costs.** Each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement, except as otherwise specifically set forth in this Agreement.

12. **Representation by Counsel.** Plaintiff acknowledges that he has retained legal counsel to review this Agreement, and has consulted said counsel concerning the terms and conditions of the Agreement. Plaintiff further acknowledges that he has read and fully understands each and every term of this Agreement and the consequences thereby, and knowingly and voluntarily enters into this Agreement. Plaintiff represents and warrants that he possesses the legal and mental capacity to understand and enter into this Agreement, that he has not relied on any representation or statement not set forth in this Agreement, and that he knowingly forever waives and relinquishes any right or claim whatsoever to directly or collaterally attack the validity of the Agreement on any grounds, including, but not limited to, unconscionability, duress, coercion, lack of adequate legal representation, physical or mental or legal incapacity, incompetence, or any claim of counsel's conflict of interest.

13. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors and assigns of the respective Parties.

14. **Arm's Length Transaction.** The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized and experienced counsel.

15. **Non-Waiver.** The delay or failure to enforce or seek enforcement of any right under this Agreement shall not constitute or be construed as: (a) a waiver of such rights; (b) a waiver of any remedy to enforce such rights; or (c) acquiescence in any default.

16. **Venue.** The Parties acknowledge that this Agreement is enforceable in the federal and state courts of New York. The Parties waive any pleas of improper jurisdiction or venue and specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in any court of proper jurisdiction in New York.

17. **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives, or attorneys, to induce the execution of this

Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter hereof, except the terms set forth in this Agreement.

18. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing that is signed by the Parties and that contains specific reference to this Agreement.

19. **Prevailing Party Fees**. Unless otherwise stated in this Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

20. **No Liens**. Plaintiff represents and warrants that there are no rights to payments, liens, or claims applicable to or enforceable against the proceeds of this settlement, including the State Medicaid Program. Plaintiff will completely satisfy any and all rights to payment, claims or liens of any kind that arise from or are related to payments made or services provided to Plaintiff or on his behalf that any entity has or may have with respect to the settlement of this action and the claims asserted in the action by paying all funds due and owing to those entities that become known subsequent to this settlement. Plaintiff agrees to indemnify, defend and hold harmless the Defendants, any other insuring entity participating in this settlement, and each of their attorneys, representatives and any other insuring entity participating in this settlement from and against any and all damages, including multiple damages, claims and rights to payment, known or unknown, including any attorney's fees, brought by any person, entity or governmental agency to recover any of these amounts.

21. **Notices**. Unless otherwise provided for in this Agreement, written notices must be sent by e-mail and/or facsimile.

(a) Notices to the Defendants shall be sent to the Defendants' counsel: Noel P. Tripp, Esq. (Noel.Tripp@jacksonlewis.com) of Jackson Lewis P.C., 58 South Service Road, Suite 250, Melville, New York 11747.

(b) Notices to the Plaintiff shall be sent to his counsel: Peter A. Romero, Esq. (promero@romerolawny.com) of the Law Office of Peter A Romero PLLC, 825 Veterans Highway, Hauppauge, NY 11788.

22. **Execution in Counterpart**. This Agreement may be executed in counterparts by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile/electronic mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile/electronic mail.

23. **Captions**. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

24. Wilber Campos understands, represents, and agrees that he:

(A) has carefully read and fully understood all of the provisions of this Agreement;

(B) has reviewed every provision of this Agreement in Spanish, Plaintiff's native language, with __Angelica__, an Paralegal at the Law Office of Peter A. Romero PLLC who is fluent in Spanish, prior to executing it (ha repasado todos los términos de este Acuerdo en español, su idioma materno, con __Angelica__, uno de los abogados de Law Office of Peter A. Romero PLLC que habla español fluido, antes de firmarlo);

[handwritten margin: Secretaria W.C]

(C) is, through this Agreement, releasing the Defendants from any and all claims that they have, had, or may have against the Defendants relating to his employment with the Defendants, or Plaintiff's separation from employment with the Defendants, or otherwise;

(D) acknowledges that this Agreement represents a fair and reasonable compromise over disputed issues under the NYLL and FLSA, including whether Plaintiff is owed any wages, and whether Plaintiff can recover statutory damages;

(E) knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(F) knowingly and voluntarily intend to be legally bound by this Agreement; and

(G) Is duly authorized and has full authority to execute this Agreement.

[Remainder of page intentionally left blank. Signature page to follow.]

**Execution of the Agreement by the Parties:**

PLAINTIFF

_____
Wilber Campos

Dated: 3/28/22

CHRISTOPHER ROBIN

_____
By: Christopher R. Morisco - President

Dated: 4/6/22

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

WILBER CAMPOS, on behalf of himself
and others similarly situated

                           Plaintiff,

     -against-

CHRISTOPHER ROBIN, INC. and
CHRISTOPHER MORISCO,

                         Defendants.

Civ. Action No.: 21-cv-05460
(JMA)(AYS)

-------------------------------------------------------------------x

       IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants that, the Parties' SETTLEMENT AGREEMENT AND RELEASE having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or disbursements to Plaintiff or Defendants by the Court.

| | |
|---|---|
| LAW OFFICE OF PETER A. ROMERO PLLC | JACKSON LEWIS P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 490 Wheeler Road, Ste. 250 | 58 South Service Road, Ste. 250 |
| Hauppauge, New York 11788 | Melville, New York 11747 |
| By:_____ | By:_____ |
|   Peter A. Romero, Esq. |   Noel P. Tripp, Esq. |
|   Matthew J. Farnworth, Esq. | |
| Dated: _____ | Dated:_____ |

SO ORDERED on this ___ day of _____, 2022,

_____
U.S.D.J. AZRACK

4869-7951-6681, v. 2

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

WILBER CAMPOS, on behalf of himself
and others similarly situated

                              Plaintiff,

            -against-                        Civ. Action No.: 21-cv-05460
                                                      (JMA)(AYS)

CHRISTOPHER ROBIN, INC. and
CHRISTOPHER MORISCO,

                             Defendants.

-----------------------------------------------------------------x

       IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants that, the Parties' SETTLEMENT AGREEMENT AND RELEASE having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or disbursements to Plaintiff or Defendants by the Court.

| LAW OFFICE OF PETER A. ROMERO PLLC | JACKSON LEWIS P.C. |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 490 Wheeler Road, Ste. 250 | 58 South Service Road, Ste. 250 |
| Hauppauge, New York 11788 | Melville, New York 11747 |
| By: /s/ | By: /s/ |
| Matthew J. Farnworth, Esq. | Noel P. Tripp, Esq. |
| Peter A. Romero, Esq. | |
| Dated: 4/8/22 | Dated: 4/8/22 |

                SO ORDERED on this ___ day of _____, 2022,

                                _____
                                     U.S.D.J. AZRACK